IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10068

_____

RICKY NOLEN MCGINN,

                                        Petitioner-Appellant,

                        versus

GARY JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(6:98-CV-073)

_____

October 22, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

        A Texas jury convicted Ricky Nolen McGinn of the capital
murder of his twelve-year-old stepdaughter.  He exhausted his state
appeals and the appeals and opportunities for collateral attack
afforded by the State of Texas and petitioned for relief from the
United States District Court for the Northern District of Texas.
The federal trial court denied his petition for federal habeas
relief and his request for a certificate of appealability.  McGinn

_____

        *  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

now petitions this court for a certificate of appealability.  We agree with the federal district court and deny his petition.

I

The jury had before it evidence from which it could have concluded the following.  On a Saturday morning Ricky McGinn's wife traveled out of town to a bowling tournament, planning to return the next day.  She left her daughter Stephanie alone with Ricky.  At 9:30 p.m. that evening, Ricky reported to the local Sheriff's office that Stephanie was missing.  A search of the area failed to locate Stephanie that evening and the search party was joined by trained dogs the next morning.  A dog alerted on McGinn's station wagon and a search located blood in the back of the vehicle.  McGinn, who had consented to the search, explained that he and Stephanie had caught some catfish and put them into the station wagon before eating them.  Officers arrested McGinn.

The following Tuesday officers found Stephanie's body in a culvert on a nearby farm road.  On Wednesday a deputy found a bloody axe handle under the seat of an inoperable pick-up truck on McGinn's property.  Officers also found blood spots on McGinn's pants and shoes.  There was considerable testing of the blood.  The spots on McGinn's clothing and the axe were compatible with Stephanie's blood group; that DNA testing showed that these blood spots could not have been McGinn's.  DNA testing, by use of blood from Stephanie's parents, showed that the blood on the axe and pants came from Stephanie.  A state criminalist testified that a

2

pubic hair found in the victim's vagina had the same microscopic characteristics as McGinn's.

## II

At the sentencing phase, the state introduced evidence of four episodes of past assaults, none of which had resulted in convictions. There was evidence that McGinn had confessed to his participation in the kidnaping and beating of Joseph Wade Hardeman. McGinn offered the testimony of Hardeman, who testified that McGinn had not participated in the beating. Hardeman testified that another person had beat him, believing that Hardeman had stolen from him.

The state offered the testimony of Pamela Adams that McGinn had raped her at knife point. McGinn testified that the sexual activity was consensual. There was also evidence that Adams had later acted in a flirtatious manner toward McGinn.

The State offered the testimony of Sonia Vaughn who testified of McGinn's effort to force her to have sex with him. McGinn denied abusing Vaughn.

The State next offered the testimony of Latasha McGinn, McGinn's natural daughter, about an incidence of sexual abuse accompanied by threats to her and her mother aimed at securing her silence.

McGinn offered the opinions of Dr. Coon who detailed his experience in forensic psychiatry, including participation in over 100 capital cases. Dr. Coon expressed the opinion that McGinn was unlikely to commit further criminal acts of violence, given the

3

pattern of his offenses and his size, age, and physical condition; and that the nature of the crime of which he had been convicted made it likely that he would be a victim of crime in prison, not an offender. The State countered with the testimony of Dr. Scott that the best predictor of criminal conduct was the subject's criminal history. The experts agreed that incarceration reduced the likelihood of criminal acts.

McGinn's attack upon the sentencing proceedings begins with the contention that the state trial judge should have defined "society", "confinement for life", "continuing threat to 'society'" and "probability". Relatedly, the jury should have been instructed regarding the meaning of "confinement for life".

### III

McGinn argues that a certificate should be issued upon twelve issues.[1] Ten of these contentions attack the sentencing phase of the trial. One attacks the venue rulings of the state trial court

---

[1] These claims included: (1) insufficient evidence of McGinn's future dangerousness; (2) jury's answer as to future dangerousness was against the great weight of the evidence; (3) failure of the reviewing state court to review the weight of the evidence as to future dangerousness; (4) failure of the reviewing state court to review the sufficiency of the evidence as to the mitigation issue; (5) reduction of the state's burden of proof on future dangerousness from beyond a reasonable doubt to a "probability" standard; (6) error by the trial court not to inform the jury of McGinn's eligibility for parole; (7) failure of the trial court to define for the jury the terms contained in the future dangerousness issue; (8) insufficiency of evidence to support the jury's finding on the mitigation issue relevant to the death sentence; (9) ineffective assistance of trial counsel; (10) denial of due process stemming from ineffective assistance of trial counsel; (11) error by the trial court in denying McGinn a change of venue; (12) failure of the trial court to inquire into the competence of witness Latasha McGinn to testify.

4

and two assert ineffectiveness of counsel. We have examined each of these assertions. They are without merit. The federal trial judge has considered and rejected these claims in a careful detailed opinion. We see no point in further repetition. We deny the requests for a certificate appealability on each issue posed for essentially the reasons stated by Judge Cummings.

DENIED.

5